**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

**v.**                                                                     **Case No: 5:15-cv-462-Oc-30PRL**

**CITY OF TALLAHASSEE, FLORIDA,**
**NICOLE RAYSOR, BRIAN ENGLES,**
**M. LILJA DANDELAKE, JOHN**
**JOSEPH MACELUCH, JR. , RICHARD**
**HOOD, DAVID COLLINS, THOMAS**
**BATEMAN, SHERRIE TOLAR**
**ROLLINS, PAUL MAHLON HAWKES,**
**PETER D. WEBSTER and RICHARD**
**ERVIN**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

As is well-known to the Court, Plaintiff is a frequent litigant who has recently filed at least twelve complaints in the Middle District of Florida, many of which were dismissed as frivolous. (Doc. 3, p. 1). By Order of the United States District Judge (Doc. 3), this matter was referred to the undersigned to conduct a show cause hearing, and to issue a report and recommendation regarding appropriate sanctions to deter Plaintiff's conduct. Specifically, Plaintiff was ordered to appear and show cause why a monetary sanction in the amount of $200 or some other appropriate amount or sanction should not be imposed against him for his continued attempts to file frivolous

---

[1] **Error! Main Document Only.** Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

complaints in the Middle District, and his repeated failure to heed the Court's prior warnings that sanctions would be imposed against him for filing frivolous complaints.

By prior notice, I conducted the show cause hearing on Thursday, September 24, 2015, and *pro se* Plaintiff appeared in person. At the hearing, Plaintiff readily acknowledged that he has filed numerous Complaints in both the Middle District and Northern District of Florida arising from the same series of events related to his 2002 state court conviction and subsequent probation violation proceedings. Plaintiff reiterated his belief, as he contends in his numerous complaints, that his 2002 conviction is invalid and that the state court acted without jurisdiction. (Doc. 1, ¶ 24). He argued that, by repeatedly filing lawsuits, he was trying to clear his record. He further explained that he has been filing complaints in both the Northern and Middle Districts because he did not understand the differences between how each district handled cases. During the course of the hearing, he expressed a willingness to stop filing frivolous cases in the Middle District, and to instead pursue his claims in the Northern District where he believes cases are handled differently. Plaintiff cited one case in particular that he has filed in the Northern District, Case No. 4:14-cv-339, in which he believes his claims are being heard.

Plaintiff explained that he is currently employed by a lawn care service. When asked regarding his ability to pay the proposed sanction, Plaintiff claimed he was not able to pay sanctions in the amount of $200, even if paid in monthly installments of $20. For a few reasons, however, I find Plaintiff not credible regarding his inability to pay $20 per month. First, during the hearing, he volunteered to pay the full filing fee in the amount of $400 if someone would "listen" to him. Second, he admitted that he had paid the full filing fee in some of his previously filed cases. Plaintiff is gainfully employed, and a sanction of $200, to be paid in monthly installments of $20, is a reasonable sanction under the circumstances.

I cautioned Plaintiff that he could also be enjoined from filing cases in the future. Indeed, injunctions may be entered against vexatious litigants. *See Warren Publ'g., Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1516 (11th Cir. 1997), and *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984). If monetary sanctions fail to deter Plaintiff from his pattern of repeatedly filing frivolous lawsuits, an injunction containing rigorous requirements may be appropriate in the future.

In conclusion, I find that Plaintiff failed to show good cause why sanctions should not be entered against him. Further, under the circumstances, I find that a sanction of $200, paid in monthly installments of $20 per month, is a reasonable sanction under the circumstances. Upon due consideration, I **recommend** that a sanction in the amount of $200 (paid in installments of $20 per month) is an appropriate sanction to deter Plaintiff's conduct in the future.

Recommended in Ocala, Florida on September 28, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy